**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

ALICE ENGLISH                                                                                           PLAINTIFFS

V.                                                                                        NO: 4:06CV215-WAP-EMB

LEFLORE COUNTY, MISSISSIPPI, ET AL.                                              DEFENDANTS

**ORDER**

**BEFORE THE COURT** are Plaintiff's Motion for Leave to Amend the Complaint [doc. 27], Defendants' Response in Opposition [doc. 30] and Plaintiff's Reply [doc. 34]. Having duly considered the submissions of the parties, the record and the applicable law, the Court is of the opinion that the Motion for Leave to Amend should be denied.

Plaintiff seeks leave to amend the Complaint to substitute individual members of the Greenwood Police Department, namely Jon Summerville, Lt. Marvin Hammond, Sr., and James Blackshire, in place of Sgt. L.B. Archie and/or unknown Defendants "A," "B" and "C." The Court notes Plaintiff's request to add an additional state law claim is now moot in light of the parties' agreement regarding dismissal of all such claims. Defendants argue that the amendment would be futile because the applicable statute of limitations has run on Plaintiff's claims against the proposed defendants. More specifically, Defendants argue that Plaintiff cannot overcome the statute of limitations problem because she cannot show that the amendment relates back to the original, timely filed Complaint. In her Reply brief, Plaintiff essentially argues that the amendment relates back because the proposed defendants were accounted for in the original Complaint as persons whose identities were unknown to Plaintiff at the time of the original filing.

The issue before the Court boils down to whether the proposed amendment relates back to the original Complaint pursuant to Fed.R.Civ.P. 15(c)(3). Defendants concede that the "notice" prong of Rule 15(c)(3) has been met but argue that Plaintiff cannot show a "mistake" regarding the identity of the proper parties. The Court agrees with Defendants. The law in this Circuit holds that there is no "mistake" in the case of a "John Doe" or unknown defendant; rather the problem is not being able to identify the correct defendant. *See Jacobsen v. Osborne*, 133 F.3d 315, 320-22 (5th Cir. 1998). And, in a case such as this, where the statute of limitations has run on the plaintiff's claims against unidentified defendants, an amendment to substitute the proper parties for unidentified ones listed in the original Complaint does not relate back to the original filing.

**THEREFORE**, **IT IS ORDERED** that Plaintiff's Motion to Amend is **DENIED.**

**THIS** 29th day of November, 2007.

/s/ Eugene M. Bogen
**U. S. MAGISTRATE JUDGE**